**UNITED STATES of America,**
**Appellee,**

v.

**Patrick WALSH, also known as The**
**Dog, also known as FNU LNU,**
**Defendant–Appellant.**

**No. 00–1621.**

United States Court of Appeals,
Second Circuit.

March 23, 2001.

---

Guy Petrillo, Swidler Berlin, Shereff Friedman, LLP, New York, NY, for appellant.

David M. Rody, Peter G. Neiman, Assistant United States Attorneys for the Southern District of New York, for Mary Jo White, United States Attorney for the Southern District of New York, for appellee.

Present SOTOMAYOR, KATZMANN, Circuit Judges, BERTELSMAN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from this judgment of the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge* ), it is hereby

---

* The Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation.

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant Patrick Walsh appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, *J.*) convicting him after a jury trial of one count of conspiracy to collect extensions of credit by extortionate means and one count of collection of extensions of credit by extortionate means, in violation of 18 U.S.C. § 894(a)(1). Defendant was sentenced to 240 months on each count to run concurrently. Defendant raises two issues on appeal as grounds for reversing his conviction.

■ First, defendant claims that the district court violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution when it admitted into evidence the redacted plea allocution of co-defendant John Carolo. In general, the admission into evidence of hearsay statements is prohibited by the Confrontation Clause unless the statement falls within a "firmly rooted hearsay exception," or has "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

■ This Court has recognized that plea allocutions typically qualify as statements against penal interest under Fed.R.Evid. 804(b)(3), *see, e.g., United States v. Petrillo*, 237 F.3d 119, 122–23 (2d Cir.2000), but we have "never decided whether a statement against penal interest under Fed.R.Evid. 804(b)(3) qualifies as a firmly-rooted hearsay exception." *Id.* at 122. We need not do so here, however, because we find that Carolo's plea allocution has "particularized guarantees of trustworthiness." Those guarantees include the fact that the plea allocution subjected Carolo to "the risk of a lengthy term of imprisonment" and the fact that the district court in-structed the jury at defendant's trial that they could consider the allocution "only as evidence that a conspiracy existed" and not as direct evidence that defendant was a member of that conspiracy or "otherwise guilty of the crimes charged." *United States v. Moskowitz*, 215 F.3d 265, 269 (2d Cir.2000) (per curiam) (internal quotation marks omitted).

Defendant maintains that the prison sentence of 18–24 months that Carolo received after making his plea allocution is too short to make the plea trustworthy. We see no reason why a sentence of one and a half to two years in prison should not be considered sufficiently lengthy to make a defendant's inculpatory statements trustworthy. Moreover, the guarantee of trustworthiness provided by a declarant's penalty is based on "*the risk* of a lengthy term of imprisonment" at the time the statement is made, even if the defendant expects to, and in fact actually does, receive a lesser sentence. *See Moskowitz*, 215 F.3d at 269 (stating that one indicia of trustworthiness was that the plea subjected the defendant "to the risk of a lengthy term of imprisonment, even if it was also made in the hope of obtaining a more lenient sentence") (quoting *United States v. Gallego*, 191 F.3d 156, 167 (2d Cir. 1999)). It is undisputed here that Carolo faced a possible sentence of twenty years.

We also reject defendant's claim that Carolo's allocution is untrustworthy because it contains statements in which he attempts to exculpate himself from responsibility for the crime, and that the use of the allocution is therefore prohibited by the Supreme Court's plurality opinion in *Lilly v. Virginia*, 527 U.S. 116, 133, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (holding Confrontation Clause violated where accomplice's confession inculpating defendant is admitted into evidence against defendant). *Lilly*, however, is inapposite

here because all exculpatory portions of the Carolo allocution were removed before the allocution was offered into evidence, leaving only self-inculpatory statements. *See Petrillo*, 237 F.3d at 122 (holding that neither rule in *Lilly* nor Confrontation Clause were violated where "the accomplices' statements were redacted so that they did not inculpate the defendant"); *United States v. Gallego*, 191 F.3d 156, 167 n. 5 (2d Cir.1999) ("[A]ny hearsay statement admitted consistent with the requirements of Rule 804(b)(3) . . . is considerably more reliable than the largely 'non-self inculpatory' declaration disapproved by the plurality in *Lilly*.").[1] Thus, the district court's admission of the inculpatory portions of Carolo's plea allocution was proper.

■ The second claim that defendant makes on appeal is that the court erred in admitting an FBI agent's testimony regarding a hearsay statement made by the attorney for the victim of defendant's crime that "he had a client that was being extorted for monies." Defendant also challenges the admission of statements by other FBI agents in which they described the nature of their investigation as involving an individual being "forced" to pay money or an "extortion-related type-strong arm type of crime." Defendant argues that these statements constituted inadmissible expert testimony usurping the role of the judge and the jury. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994) (stating that "[g]enerally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law

to the facts before it.") (internal quotations omitted).

■ We first note that defendant made only a general objection to the testimony about the attorney's statement, and no objection at all to the others. In any event, whether under a "plain error" standard or a more lenient review, it is clear that the government's questioning and the testimony elicited was merely background information regarding the FBI investigation. *See, e.g., United States v. Tracy*, 12 F.3d 1186, 1201 (2d Cir.1993) (holding that there was no error in admission of investigators' hearsay testimony "describing information received from informants during the course of the government's 1½-year investigation" because it "was received as background information"); *United States v. Lubrano*, 529 F.2d 633, 636–37 (2d Cir. 1975) (holding that it was not improper to admit, as background information, instructions of investigating agent to government informant that linked defendant to criminal activity). Lastly, even if these statements were deemed not to be valid background testimony, their admission would constitute harmless error. *See United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir.1992) ("An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury ."). It is clear that the testimony at issue did not substantially influence the jury because the government provided overwhelming evidence of defendant's guilt. Its case was corroborated by, *inter alia*, the victim's testimony about, and recordings of, meetings and phone conversations with defendant in which defendant threatened the victim, testimony

---

1. Defendant characterizes the removed exculpatory portions as "denying criminal culpability altogether" and suggests that this taints the trustworthiness of the inculpatory portions of Carolo's plea allocutions. Putting aside the issue of the accuracy of this characterization, we disagree that the underlying exculpatory statements are in any way atypical of those found in most plea allocutions or in any way undercut their trustworthiness.

from the individual who allegedly hired defendant to extort money from the victim, and the defendant's own post-arrest confession. Viewing the record as a whole, therefore, the statement was not critical to the jury's decision nor was the statement in any way emphasized in the government's presentation of its case.

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.